LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On September 9, 2003, Jay Boler, an inmate at the Mississippi Department of Corrections (MDOC) at Parchman, was issued a rules violation report (RVR) for the unauthorized possession of contraband, specifically canteen items. Boler was found guilty of the violation on October 17, 2003. Boler then appealed the decision *1072 through the MDOC’s Administrative Remedies Program (ARP) by filing a First Step Response Form. Boler’s appeal was denied and he filed a Second Step Response Form on December 27, 2003. On January 13, 2004, Boler received notice that his Second Step Response was also denied. Boler subsequently filed a Third Step Response Form, which was ultimately denied in a letter dated February 3, 2004, because Boler failed to submit his request for Third Step Review within the five day time frame allowed by MDOC policy. We note that Boler claims he gave his request to an officer for mailing on January 18, 2004; however, there is no evidence or documentation included in the record to support this statement.
¶ 2. Boler then filed a petition for order to show cause in the Sunflower County Circuit Court. On March 31, 2004, the trial judge denied Boler’s petition, finding that Boler had failed to exhaust his administrative remedies as required by Mississippi Code Annotated Section 47-5-807. The trial judge also found that, regardless of whether Boler exhausted his administrative remedies, Boler was not entitled to relief as prisoner classification is not subject to judicial review. Boler then filed a motion for relief pursuant to Federal Rules of Civil Procedure 60(b), asking the trial judge to rule on the issue of whether the dismissal of his ARP as untimely was beyond his control, resulting from the new ARP mailing system. The trial judge, on April 30, 2004, denied Boler’s motion as frivolous.
¶ 3. Boler now appeals to this Court asserting three issues which can more clearly be stated as the following: whether the trial judge erred in dismissing his Rule 60(b) motion without determining if MDOC’s procedure concerning the mailing of ARP appeals is unconstitutional.
DISCUSSION
I. WHETHER THE TRIAL JUDGE ERRED IN DISMISSING BOLER’S RULE 60(B) MOTION WITHOUT DETERMINING IF MDOC’S PROCEDURE CONCERNING THE MAILING OF ARP APPEALS IS UNCONSTITUTIONAL?
¶ 4. Boler’s chief argument on appeal is that the trial judge erred in dismissing his Rule 60(b) motion without considering whether MDOC’s ARP mailing procedure is unconstitutional. Boler filed a Rule 60(b) motion citing the Federal Rules of Civil Procedure, rather than the Mississippi Rules of Civil Procedure. Regardless of the rule cited, Boler merely argues that the trial judge’s order was “incomplete,” failing to specify any legitimate reason to justify relief under Rule 60(b). We are disinclined to find error on the part of the trial judge in this case; thus, we affirm.
¶ 5. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.